**KRUEGER–LUKETICH, INC.,**
**Plaintiff-Respondent,**

v.

**Kenneth R. VAUGHN, et al.,**
**Defendants-Appellants.**

No. 47202.

Missouri Court of Appeals,
Eastern District,
Division One.

June 19, 1984.

---

**2.** This writer has difficulty in the justness and reasonableness of allowing inquiry into a conviction of a fifteen year old for a stolen automobile twenty-three years ago. The remoteness in time and the relevance between a stolen vehicle and issuance of an insufficient funds charge taxes one's rationality.

Donald V. Nangle, St. Louis, for defendants-appellants.

David L. Baylard, Kenneth B. Dopuch, Union, for plaintiff-respondent.

SNYDER, Presiding Judge.

This is a court-tried suit for damages for waste committed by a tenant in which the tenant counterclaimed, alleging he was damaged when the plaintiff landlord interfered with his application for renewal of his St. Louis County liquor license and also that the landlord refused to refund the tenant's rental deposit of $2,400. The trial court awarded judgment in the sum of $10,-598.00 to the landlord. The tenant's counterclaim was dismissed. The judgment is affirmed.

Tenant Vaughn asserts the trial court erred in: (1) failing to set off the $2,400 security deposit against the damage award to the landlord, Krueger-Luketich, Inc.; (2)

in admitting incompetent testimony on the damages issue relating to the costs of the construction required to repair the damages to the premises; (3) in dismissing Vaughn's counterclaim.

A thorough study of the record and the parties' briefs convinces this court that an extended discussion of the tenant's points would have no precedential value.

■ There was evidence of $29,350 in damages. The court awarded $10,598.00. The amount of the deposit was undisputed. Inasmuch as the damage award was little more than a third of the damages shown by the evidence, it cannot be said that the trial court failed to take into consideration the deposit when arriving at the amount of the judgment.

■ The same can be said of the cost of construction of a separating wall between two rental units. The landlord concedes admission of evidence of this cost may have been error, but again, the trial court could have taken this into consideration in reducing the damages from the $29,350 figure to $10,598.00.

■ Tenant cites a statute, § 535.300 RSMo. Cum.Supp.1983 which governs tenants' security deposits, but this statute did not become effective until September 28, 1983. Therefore it was not applicable to the landlord-tenant relationship here which terminated in July of 1982.

Tenant complains about incompetent evidence, but most of the challenged testimony was admissible for the trial court to give such weight as the evidence deserved. "A trial court, sitting without a jury, is given greater latitude in the admission of evidence, as it is assumed the trial judge will not give weight to incompetent evidence." *Pike v. Pike*, 609 S.W.2d 397, 403[10–11] (Mo. banc 1980).

■ The dismissal of the counterclaim for failure to state a claim upon which relief could be granted was not error.

■ There was substantial evidence to support the judgment and there was no error of law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976).

The judgment is affirmed in compliance with Rule 84.16(b).

STEWART, J., and JACK L. KOEHR, Special Judge, concur.